CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED for RKø
NOV 30 2010
JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| ROBERT TRUSSEL,<br>Plaintiff, | Civil Action No. 7:10-cv-00518 |
| v. | MEMORANDUM OPINION |
| K. MCNEELY,<br>Defendant. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Robert Trussell, a Virginia inmate proceeding pro se and requesting leave to proceed in forma pauperis, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names K. McNeely as the sole defendant. Plaintiff alleges that his institutional conviction violated due process. This matter is presently before me for screening, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice as frivolous.

I.

Plaintiff alleges that the defendant violated due process by convicting him of violating a Virginia Department of Corrections ("VDOC") institutional code that prevents inmates from personal sexual gratification. Plaintiff complains that the defendant violated VDOC policies, including advising plaintiff of his right to remain silent, to obtain his conviction. Plaintiff also complains that the allegation's charged code does not match his conviction's charged code. Plaintiff further complains that the evidence was not sufficient to sustain his conviction. Plaintiff requests $458.00 in damages and an injunction to vacate the institutional conviction. Plaintiff does not allege that the disciplinary conviction has been invalidated in any way.

II.

I must dismiss any action or claim filed by an inmate if I determine that the action or

claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, "civil tort actions are simply not appropriate vehicles for challenging the validity of outstanding criminal judgments." Harvey v. Horan, 278 F.3d 370, 374-75 (4th Cir. 2002) (internal quotation marks omitted). Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." Id. at 375. Therefore, I must consider whether a judgment in favor of the plaintiff in this suit would necessarily imply the invalidity of his institutional conviction or sentence; if it would, I must dismiss the complaint unless the plaintiff can demonstrate that the institutional conviction or sentence has already been favorably invalidated. Heck v. Humphrey, 512 U.S. 477,

2

487 (1994). See Edwards v. Balisok, 520 U.S. 641 (1997) (holding Heck applies to a suit for damages that alleged constitutional flaws in prison disciplinary procedures). Favorable invalidation occurs when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus . . . ." Id.

Success on plaintiff's claims clearly would imply the invalidity of his current confinement because he essentially argues legal innocence of the acts for which the VDOC found him guilty: if it were not for the flaws in due process, depriving him of his constitutional rights, plaintiff would not have been convicted of the institutional offense. Plaintiff cannot prove favorable termination because he is still convicted of the institutional conviction for which he seeks monetary relief.[1] See Stone-Bey v. Barnes, 120 F.3d 718, 721 (7th Cir. 1997) ("The 'conviction' in the prison disciplinary sense is the finding of guilt on the disciplinary charge, and if success on the Plaintiff's [§] 1983 claim necessarily would imply the invalidity of that finding, then Heck bars the claim until such time as its requirements are satisfied"). Therefore, plaintiff pursues a meritless legal theory to attack his institutional conviction via a civil rights action without establishing any favorable termination. Accordingly, I dismiss the complaint without prejudice as frivolous. See Omar v. Chasanow, 318 F. App'x 188, 189 (4th Cir. 2009) (per curiam) (modifying district court's dismissal with prejudice under Heck to be dismissed without prejudice to allow plaintiff to refile if favorable termination occurs). See also McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) (dismissals without prejudice for frivolousness should not be

---

[1] Plaintiff does not allege that habeas remedies are not available to him.

exempted from 28 U.S.C. § 1915(g)).

III.

For the foregoing reasons, I grant plaintiff leave to proceed in forma pauperis and dismiss the complaint without prejudice as frivolous, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(I) and 1915A(b)(1).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 30th day of November, 2010.

Senior United States District Judge